**Application of Ruben O. PETERSON (Deceased) (The Osborn Manufacturing Company, Assignee, Substituted).**
**Patent Appeal No. 6465.**

United States Court of Customs and Patent Appeals.
Jan. 19, 1960.

Almon S. Nelson, Washington, D. C., Oberlin & Limbach, Cleveland, Ohio (John C. Oberlin, Cleveland, Ohio, of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and JOHNSON (retired), Judges.

RICH, Judge.

This appeal is from the decision of the Board of Appeals of the United States Patent Office affirming the examiner's rejection of claims 12, 17, 18, 26 and 27 of appellant's application entitled "Brush and Brush Materials." The board allowed twelve claims, seventeen claims being held withdrawn from consideration under Rule 142(b), 35 U. S.C.A.Appendix. The sole issue is whether the subject matter of the rejected claims is obvious in view of the prior art.

Appellant's specification is directed to brush material comprising brush bristles, filaments or wire strands bonded together by plastic to form a generally flat flexible band and discloses numerous embodiments employing the novel brush material in a completed brush. The said band may be a long continuous strip, rolled up to facilitate handling, which, when used, is unrolled as it is cut into appropriate lengths. The plastic bonding may be continuous along the entire length of the strip or it may bond the bristles at spaced positions along the strip, depending on the kind of brush to be made. The nature of the applicant's invention may best be appreciated by quoting from the specification.

"In all methods of brush manufacture utilizing relatively short lengths of bristle material such as, for example, horsehair, tampico fiber, wire, Nylon and the like, a considerable problem is encountered in handling such bristle material as numerous light and easily displaced filaments both to secure a uniform and desired density, spacing, and orientation of fill and also adequate gripping of bristles and uniform bristle length in the finished brush before or without trimming.

\* \* \* \* \* \*

"A plurality of continuous strands or filaments, commonly wire of from about .005 to .016 inches in thickness, may be arranged in parallel uniformly closely spaced relationship and bonded together with a continuous plastic coating to form a continuous unitary strip 1 from which units of desired length may be cut \* \* \*. Ordinarily, the several strands of wire will first have been passed through an appropriate adhesive to facilitate the later bonding of the plastic thereto and the plastic such as Nylon or a polyvinyl plastic will be intruded between the wires and about them as by passing the band of wires through a die of appropriate shape.

\* \* \* \* \* \*

"It will thus be seen that I have produced a novel brush element in the form of a brush strip from which the filaments or strands of brush material extend in thin flat units or fingers. Such fingers may be quite flexible transversely of the brush strip although, of course, considerably more rigid than the individual strands or filaments longitudinally of the strip. Where a softer brushing action is desired, the plastic may be removed from the end portions of the fingers \* \* \*.

\* \* \* \* \* \*

"The association of the individual filaments into unitary bands or fingers by means of the thin plastic coating (ordinarily of a thickness ranging from approximately one-half the diameter of the individual filaments to equal to the diameter of such filaments) not only greatly facilitates the handling of such brush material and uniform distribution of the same in the brush back but also serves to protect such

filaments and modify the brushing characteristics of the same."

The specification discloses, and claims have been allowed to, certain finished brushes utilizing lengths of plastic-embedded bristles, the broader claims having been rejected. Claim 17, as we view it, is the broadest claim on appeal and reads as follows:

"17. A brush element comprising *a support* and brush material secured thereto and extending therefrom, said *brush material comprising* a plurality of individual *thin generally flat flexible plastic fingers* and *bristle material* embedded in such plastic and extending beyond the outer ends of said fingers." [Emphasis ours.]

It should be noted that the "material" which does the brushing is distinct from the "support."

Claims 12, 18, 26 and 27 include substantially the same emphasized limitations in the combinations to which they are directed. Claim 18 does not recite "flexible," but includes "a single row of bristles embedded in parallel side-by-side relationship." Claims 12, 26 and 27 are each drawn to "A rotary brush" and recite the support as being rotatable, with further limitations in claims 26 and 27 as to the orientation of the fingers with respect to the direction of rotation of the support.

The references relied on are:

| "Walls | 518,168 | April 10, 1894 |
| Saltiel | 864,922 | September 3, 1903 |
| Neuschaefer | 2,363,685 | November 28, 1944 |
| Swart | 2,648,084 | August 11, 1953" |

The examiner finally rejected the claims on appeal "as unpatentable over Walls or Saltiel in view of Swart or Neuschaefer. No invention would be required to use the plastic coating of the last two on the flat strands of the first two." This is all that was said as to the limitations common to claims 12, 17, 18, 26 and 27.

In sustaining the rejection the board said:

"We agree with the examiner that the brush elements of Neuschaefer are applicable as radial tuft elements of a rotary brush without invention. * * *. Such use does not add unobvious results thereto and gives a structure within the terms of these claims."

Although the board in affirming the examiner as to the claims on appeal referred specifically only to Neuschaefer, the examiner relied on and we shall consider Walls, Saltiel and Swart in addition.

Walls shows a street sweeper having a rotary brushing unit comprising a drum-shaped support for circumferentially spaced rows of bristles. Each row contains a suitable number of "V-shaped" strips, the bottom thereof being used for retention of the strip on the drum. There is no indication of the type of material used in the "V-shaped" strips or the manner in which they are constructed.

Saltiel also deals with rotary brushes. The brushing elements are "bundles of wire, * * * which are bent or looped and mounted on rings and the latter passed over a mandrel upon which they are pressed together." As the rings are pressed together, that portion of the wire bundle located between adjacent rings appears to be flattened out so that the bundles taper from root to tip. Near each end of a bundle, remote from the support, Saltiel illustrates in the drawing but does not identify or mention in the specification, what appear to

be wire ties for keeping the wires in a bundle, perhaps during the fabrication, but he does not disclose whether they are wire or string. There is no indication that the bristles may be embedded in anything.

■ We consider Walls and Saltiel of little value as at most they merely show that brush elements may be attached to a rotatable support, a matter of common knowledge.

Neuschaefer, the reference primarily relied on by the board, is directed to a method of simultaneously forming "comparatively large groups of separate or easily separable" tufts of bristles with individual stems. The completed brush unit, consisting of the tuft and stem, may be used "in small bottles provided with caps or stoppers in which a small brush is mounted." Neuschaefer also refers to "economically manufacturing in large quantities, brushes for like purposes, as well as larger forms and other types of brushes * * * ."

The method of Neuschaefer contemplates the use of upper and lower die members having complementary, aligned, round or rectangular, corrugations. In an exemplary form of the method, a first strip of cardboard, heavy paper, thin wood, plastic or a thin sheet of metal is coated with adhesive, if necessary, and placed on the lower die member. The bristles are arranged either in tufts corresponding to the corrugations or merely as a layer on the first strip. A second similar strip is placed over the bristles and as the upper and lower die members are pressed together, a plurality of complete brushes, each with its own stem, are formed. The resulting adjacent stems are either separated or left in such a condition as to be easily separable, depending on the force with which the upper and lower die members are brought together. As to the article produced by the method, the bristle tuft and stem, the board said:

"* * * we find no suggestion from this reference that the plastic encased area is to perform any func-

tion other than a handle to present the bristles in extended position such as by having its base secured to the cap of a dispensing bottle into which the brush would be projected."

We also note that such a stem, even if made of flexible plastic, would not be very "flexible," because of its geometrical configuration.

Swart we consider of little value since it discloses only the complete encasing of a rotary wire brush in a plastic block, producing an article resembling a grinding wheel.

The board, apparently realizing that the references fail to show the claimed combination, merely said that the use of Neuschaefer brushes on a rotatable support would give a structure within the terms of the claims and that such use would "not add unobvious results." With these conclusions we cannot agree.

Claim 17, for example, does not merely recite bristles with a plastic stem, mounted on some additional support. What it does recite is a "brush element" comprising a *support in combination with brush material,* the *brush material* comprising a plurality of *thin generally flat flexible plastic fingers*. Embedded in the plastic fingers of the *brush material* is bristle material. We do not find any suggestion of this in Neuschaefer. In this respect we agree with the fact finding of the board that the stem in Neuschaefer does not perform "any function other than a handle." What Neuschaefer discloses is bristle material in a handle, and even if we assume that the handle and bristle material could be mounted on a rotary or any other type of support, this would not meet applicant's claims requiring "brush material" secured to the support in the form of flat flexible plastic fingers having embedded bristle material. The applicant has therefore particularly pointed out his invention by reciting that the generally flat flexible plastic fingers are "brush material," distinct from and in addition to a support. The stems or handles of

**676**

Neuschaefer, as the board found, are handles only and as such correspond to applicant's "support" in his claims rather than to his plastic fingers or bands.

 We find it unnecessary to discuss in detail the additional limitations of claims 12, 18, 26 and 27 mentioned at the beginning as they are clearly patentable if claim 17 is. We hold all appealed claims patentable over the prior art.

The decision of the Board of Appeals is reversed.

Reversed.