47 CCPA
**Application of Joseph F. STEPHENS.**
**Patent Appeal No. 6531.**

United States Court of Customs
and Patent Appeals.
June 8, 1960.

1. United States Senior Judge for the Eastern District of Pennsylvania, designated to participate *in place of Judge O'Con-*

Dos T. Hatfield, Washington, D. C. (Thomas E. Scofield, Kansas City, Mo., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (S. Wm. Cochran, Washington, D. C., of counsel), for Commissioner of Patents.

Before WORLEY, Chief Judge, and RICH, MARTIN, and SMITH, Associate Judges, and Judge WILLIAM H. KIRKPATRICK.[1]

MARTIN, Judge.

This appeal is from the decision of the Patent Office Board of Appeals affirming the final rejection of claims 18–20, all of the claims remaining in application Serial No. 203,441, entitled "Composite Fibrous Tube," filed December 29, 1950. That application is stated to be a division of application Serial No. 90,848, filed May 2, 1949.

*nell,* pursuant to provisions of Section 294(d), Title 28 United States Code.

■ The claims fully and clearly describe that which appellant considers to be his invention. They are:

"18. A tubular structure such as pipe, the wall of which comprises a plurality of superimposed layers of untwisted substantially continuous glass filaments, all of said glass filaments in each layer being in substantially parallel closely adjacent relation, and the filaments in each layer being angularly disposed to those of the immediate adjacent layer, certain of said layers of filaments being helically disposed with respect to the longitudinal axis of said tubular structure at a substantial angle to said axis and the filaments in at least one of said layers being substantially parallel with the longitudinal axis of said tubular structure, the filaments in each layer being coated with an adhesive material which bonds the filaments in each layer and the adjacent layers to each other to form an integral structure.

"19. A tubular structure according to claim 18 in which a layer in which the glass filaments are parallel to the longitudinal axis is the innermost layer.

"20. A tubular structure according to claim 18 in which a layer in which the glass filaments are parallel to the longitudinal axis is interposed between two of the helically disposed layers of said filaments."

The references of record are:

| | | | |
|---|---|---|---|
| Cordts | 2,131,024 | September | 27, 1938 |
| Stephens | 2,467,999 | April | 19, 1949 |

The Cordts patent minimally discloses a unitary glass fabric comprising a plurality of layers of glass fibers and an adhesive material such as rubber connecting the glass fibers to form a coherent glass web. In its manufacture continuous glass filaments are wound parallel and closely adjacent upon a forming drum, or mandrel, adhesive is applied, and the resultant product is cut along the axis of the drum. The mat is then placed upon the drum with the filaments extending in the axial direction and a second layer of fibers and adhesive is placed upon that mat in the same manner as the first layer was formed upon the drum. Thus, a unitary tubular product having fibers in adjacent layers disposed at substantially right angles is formed on the mandrel. That product is then removed from the drum, "for example by cutting." The patent states that a web of that construction "possesses great resistance to tearing" and that when more than two intersecting layers are used the web "becomes stronger."

The Stephens patent is directed to a fiber reinforced composite pipe comprising a plurality of layers of helically wound closely adjacent parallel untwisted continuous glass filaments, the filaments in each layer being coated with an adhesive material which bonds the filaments in each layer and adjacent layers to each other. It fails as a complete anticipation of the claims at bar solely because it does not specifically teach the use of layers of longitudinally disposed glass filaments to increase the strength of the pipe.

■ Claims 18 to 20 were rejected by the examiner as unpatentable over Stephens in view of Cordts. The board stated, "In arriving at our conclusion we prefer to rely upon Cordts for primary reference purposes," and concluded that the Cordts' product formed on the mandrel prior to cutting was anticipatory of those claims. The examiner's rejection was not overruled, and as a matter of fact appellant, in his Notice of Appeal, alleged error in the board's affirmance of

that rejection, stating that the Cordts patent is non-analogous art. That rejection, not having been reversed by the Board of Appeals, is properly before us. See In re Boyce, 144 F.2d 896, 32 CCPA 718, and cases cited therein. We shall consider that ground of rejection.

Appellant's reason for adding layers of longitudinally disposed fibers to the circumferential layers is to reinforce the composite pipe structure axially. The specification states that "These longitudinal fibers give the resultant product greater axial strength than it would have if composed entirely by circumferentially wound filaments in a pattern of opposed helices [the Stephens patent pipe]." Thus, the claimed pipe is reinforced with continuous filaments which primarily resist bursting (the circumferential fibers of Stephens) as well as with fibers which increase both the bursting and tensile or axial strengths (the longitudinal fibers of the application).

One of the principal problems with which the Stephens patent deals is that of increasing the strength of prior art glass fiber-adhesive composite pipes which had been manufactured from mixtures of plastic material and short lengths of glass fiber. The patent states that "the employment of short fibers limits the strength of the fiber reinforcement and permits but a limited orientation of the fibers in the direction of the working stress of the pipe." To eliminate the prior art deficiencies Stephens arranged long continuous fibers generally circumferentially "so that * * * maximum advantage may be obtained of their reinforcement characteristics" and "the maximum strength of the fibers as reinforcement is obtained." Obviously, the purpose of circumferentially oriented filaments is to increase the pipe's bursting strength. Nothing is said of the necessity or desirability of increasing the axial or tensile strength of the pipe.

The examiner did not choose to rely upon the Stephens patent alone to demonstrate that it would have been obvious to one of ordinary skill in the art who discovered that the Stephens pipe lacked the necessary strength in any other direction, such as the axial direction, to add to Stephens' structure continuous glass filaments disposed in that direction. Rather he felt that the Cordts patent showed that it would have been obvious to modify the Stephens pipe to produce the articles herein claimed.

Both the Cordts and the Stephens patents are directed to producing unitary continuous glass filament-adhesive products, one a glass fabric, the other a pipe. Cordts teaches that when a plurality of layers of glass filaments are disposed angularly of each other, preferably at right angles, a web of greater resistance to tearing is produced than when the fibers in all of the layers are parallel to each other. Thus, an article reinforced with continuous glass fibers in this manner will resist several stresses. The common reinforcing function performed by the fibers in both of the patents' adhesive glass fiber products renders them, at least as to that teaching, analogous art. Therefore, appellant's argument that the Cordts patent is from a non-analogous art is not well taken.

The Stephens patent answers all of the limitations of claim 18 except that of "the filaments in at least one of said layers being substantially parallel with the longitudinal axis of said tubular structure * * *." Since those filaments are substantially perpendicular to the claimed helically disposed filaments, we feel that the Cordts patent, wherein adjacent layers of long glass fibers are disposed substantially perpendicular to each other, suggests the claim limitation, which limitation contributes to making a stronger final product by providing reinforcement in two substantially perpendicular directions in a glass fiber adhesive product. We are firmly convinced that one skilled in the reinforced pipe art concerned with the problem of increasing the tensile strength, or even the bursting strength, of the Stephens pipe, with the Cordts and Stephens patents be-

fore him, would find the solution claimed in claim 18 particularly obvious.

Both of the references teach that more than two layers of parallel filaments may be used in the respective products. The relative positions of the longitudinal layer with respect to the inside of the pipe (claim 19) and with respect to the adjacent helical layers (claim 20) do not appear to be of patentable significance. They are merely matters of design preference. Therefore claims 19 and 20 are unpatentable.

The decision of the Board of Appeals is affirmed.

Affirmed.