In re Jay P. NIELSON.

Appeal No. 86–1692.

United States Court of Appeals, Federal Circuit.

Decided April 21, 1987.

Philip A. Mallinckrodt, of Mallinckrodt & Mallinckrodt, Salt Lake City, Utah, for appellant.

Harris A. Pitlick, Associate Solicitor, Office of the Solicitor, Arlington, Va., for appellee. With him on the brief were Joseph F. Nakamura, Solicitor, and Fred E. McKelvey, Deputy Solicitor.

Before SMITH, NEWMAN, and BISSELL, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Patent applicant Jay P. Nielson appeals the decision of the United States Patent and Trademark Office (hereinafter "PTO") Board of Patent Appeals and Interferences (hereinafter "Board"), rejecting claims 1–13 and 21 of application Serial No. 540,898 entitled "Method and Apparatus for Treating, in Transit, Hydrocarbon Gases Containing Potential Atmospheric Pollutants." We affirm as to claims 1–8 and 11–13, and reverse as to claims 9, 10, and 21.

The issues of patentability and of procedure, before the Board and this court, are illustrated with reference to application claims 1 and 9, as follows:

1. A method of treating a gas containing potential atmospheric pollutants to make it safe for burning or for release into the atmosphere, comprising introducing such a gas into a cross-country pipeline having extensive heat-transfer surface area exposed to said gas, for

transmission to a desired location; progressively removing heat from the gas as it flows along said pipeline by passing coolant fluid along respective longitudinal portions of said pipeline in heat exchange relationship therewith; refrigerating at least a portion of said coolant fluid so that the extent of heat removal along certain of said portions being such as to change the state of various of said potential atmospheric pollutants from the gaseous to the liquid or solid phase; and separating said pollutants in their liquid or solid form from the residual gas substantially at the respective portions of said pipeline.

9. A method in accordance with Claim 1, wherein the flow of gas contains carbon dioxide; wherein the gas is cooled to or about the subliming temperature of the carbon dioxide; and wherein the cooled gas is passed into a gravity settlement expansion chamber for sublimation into carbon dioxide snow and settlement along with other particulate matter carried by the gas.

The examiner had rejected all of the claims under 35 U.S.C. § 103. Summarizing the rejections, the Board stated:

All the claims stand rejected for obviousness under 35 USC 103. As evidence of obviousness the examiner has cited Tassoney or Nebgen "in view of the admitted prior art" against claims 1, 2, 8, 11 and 12. To this combination the examiner has added (1) Perry's Handbook in rejecting claims 3 through 7 (2) Becker in rejecting claims 9 and 10, (3) Paull in rejecting claim 13 and (4) Becker, and Russell or Leitner in rejecting claim 21.

The Board concluded:

We affirm for generally the reasons set forth in the examiner's answer.

After careful consideration of the scope and content of the prior art, the differences between the prior art and the claims at issue, the level of ordinary skill in the art, and, of course, all of appellant's arguments, we conclude that the examiner committed no reversible error in rejecting the appealed claims.

### I

■ The Board held, and we discern no error in this holding, that a prima facie case in terms of section 103 had been made with respect to claim 1. *See In re Lintner,* 458 F.2d 1013, 1016, 173 USPQ 560, 562 (CCPA 1972) ("it is necessary to ascertain whether or not the reference teachings would appear to be sufficient for one of ordinary skill in the relevant art having the references before him to make the proposed substitution, combination or other modification"). After a prima facie case was established, the burden of going forward with persuasive evidence shifted to Nielson. *See generally In re Piasecki,* 745 F.2d 1468, 223 USPQ 785 (Fed.Cir.1984).

■ Nielson disputed the examiner's conclusion on appeal to the Board, but not until Nielson's request for reconsideration of the Board's decision did he suggest that objective evidence of unobviousness might be submitted. The Board denied his requested remand for this purpose, considering it tardily made. We affirm that it was untimely to offer such evidence after the adverse Board decision, "without a showing of good and sufficient reasons why [it was] not earlier presented." 37 C.F.R. § 1.195. Thus objective evidence in rebuttal is not of record.

We affirm the rejection of claim 1 for failure to meet the requirements of 35 U.S.C. § 103, for the reasons given by the Board.

### II

Nielson also argued before the Board the rejection under section 103 of the dependent claims against which the Becker reference, U.S. Patent No. 3,513,660, had been applied in combination with Nebgen or Tassoney in view of the admitted prior art; i.e., claims 9, 10 and 21. Nielson argued:

Although appellant removes various potentially polluting constituents from the gas stream being treated, and does so in each instance by temperature reduction, as by use of a refrigerant, he removes as snow substantially 100% of the carbon dioxide present and thereby

entraps and removes particulate matter of potentially atmospheric polluting character. Becker, on the other hand, provides for positive but minimal congealing of carbon dioxide on alternating heat exchange surfaces in his heat exchange system by controlling the transfer rate of heat from the gas being treated. If there is actually a provision for removing the solid carbon dioxide that congeals in the Becker system, as asserted by the Examiner, it is the use of heat to "sublime" the solid. Presumably, this means that the gaseous carbon dioxide formed as part of the sublimation cycle is eliminated from the system in some undisclosed way before it condenses back to the solid state.

Nielson also argued:

> So far as the dependent claims and the secondary references applied against them are concerned, nothing in such secondary references makes obvious the invention as a whole.... [T]he fact that a secondary reference shows a single step of a claimed combination of steps to be known, in and of itself, cannot be a basis for rejecting the combination claimed.

Despite these arguments, the Board held: "Because appellant failed to separately argue the dependent claims, all the claims stand or fall together." Compounding this error, the Commissioner in his responding brief on this appeal argued the merits of the section 103 rejection only with respect to claim 1, referring to the Board's (mis)statement that appellant had not separately argued dependent claims before the Board.

At oral argument the Solicitor observed that the appellant may have separately argued those dependent claims that were rejected on the Becker secondary reference. The Commissioner argued, nevertheless, that Nielson had forfeited any right to appeal the rejection of any of the dependent claims, even those separately argued before the Board, on the basis that the appellant should have requested the Board on reconsideration to correct its error. The Commissioner asserts that the appellant thereby lost the opportunity of appellate review of any dependent claims.

In response to a question from the bench the Solicitor agreed that this is a new theory of an appellant's burdens before the PTO. No statute, regulation or rule governing PTO proceedings contains such a requirement. The Commissioner argues, however, that such requirement is appropriate, citing *International Ladies' Garment Workers' Union v. Quality Mfg. Co.*, 420 U.S. 276, 281 n. 3, 95 S.Ct. 972, 975 n. 3, 43 L.Ed.2d 189 (1975). That case referred to a Labor Act statute and regulation governing proceedings before the NLRB, which have no counterpart in the Patent Act and regulations; although of course the general rule applies that "courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice." *United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 37, 73 S.Ct. 67, 69, 97 L.Ed. 54 (1952).

Neither *L.A. Tucker* nor the Labor Act can add a new procedural requirement to practice before the Patent and Trademark Office. Practice before administrative agencies is controlled by each agency's own regulations, and "where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures." *Morton v. Ruiz*, 415 U.S. 199, 235, 94 S.Ct. 1055, 1074, 39 L.Ed.2d 270 (1974). Weight should be given to the normal practices of the agency, as understood by practitioners before it.

The Commissioner also cites *In re Fong*, 378 F.2d 977, 981, 154 USPQ 25, 28–29 (CCPA 1967). In *Fong* the applicant had not raised before the Board an issue he subsequently raised on appeal to the court, a procedure of which the court rightly disapproved. In the case now before us Nielson raised before the Board the rejection on the Becker reference from which he now appeals, and which he also argued before us. That the Board failed to treat this issue was the Board's error, not Nielson's.[1]

---

1. The Solicitor suggested at oral argument that the applicant refile his patent application and

■ The Solicitor confirmed that it is not PTO practice to require that requests for reconsideration be filed or, if filed, that they must include a request to reconsider every point at issue, on pain of forfeiture or estoppel on future appeal to this court. Such a requirement would place new burdens on not only the applicant, but also on the Board to review each point a second time. Before new requirements are imposed on both the PTO and the public, the requisite safeguards accompanying changes in administrative practice must be invoked. *See* 37 C.F.R. §§ 1.351, 1.352 ("All amendments to the regulations ... [and] ... notice of proposed amendments ... will be published in the *Official Gazette* and in the Federal Register"). Such safeguards ensure the fair and consistent application of agency procedures.

■ We thus consider Nielson's obligations in terms of established PTO practice. Nielson fully argued, in prosecution before the examiner, all the dependent claims. Before the Board he argued the Becker reference on which the examiner had rejected dependent claims 9, 10, and 21; and the Examiner's Answer before the Board responded to the rejections of all the dependent claims, including claims 9, 10, and 21. Nielson's procedure was "appropriate under [PTO] practice". We conclude that Mr. Nielson did not forfeit the right to appeal the rejection of those dependent claims that he argued before the Board.

### III

■ Nielson argued before the Board the rejection of dependent claims 9, 10, and 21 on the basis of the Becker reference in combination with Nebgen or Tassoney in view of admitted prior art. The grounds for the rejection were discussed in detail in the Examiner's answer. The Becker reference and the claims against which it was applied were identified in the Board's decision that affirmed "for generally the reasons set forth in the examiner's answer." As provided in 35 U.S.C. § 144,[2] our review is on the record before the PTO. *See In re Bergy*, 596 F.2d 952, 972, 201 USPQ 352, 371 (CCPA 1979), *aff'd on other grounds, sub nom. Diamond v. Chakrabarty*, 447 U.S. 303, 100 S.Ct. 2204, 65 L.Ed.2d 144 (1980) ("Since *In re Wagenhorst*, 20 CCPA 991, 64 F.2d 780, 17 USPQ 330 (1933), it has been the rule that when the board affirms an examiner's rejection generally without reviewing a ground the examiner relied on, that ground is assumed to be affirmed."). The Court of Customs and Patent Appeals has generally held that, unless an examiner's rejection was expressly reversed by the Board, it was appropriate for the court to consider that rejection. *See In re Katz*, 687 F.2d 450, 453, 215 USPQ 14, 16–17 (CCPA 1982); *In re Ludtke*, 441 F.2d 660, 662, 169 USPQ 563, 565 (CCPA 1971); *In re Stephens*, 278 F.2d 950, 952, 126 USPQ 190, 191 (CCPA 1960); *In re Peterson*, 274 F.2d 672, 674, 124 USPQ 374, 375 (CCPA 1960); *In re Schutt*, 210 F.2d 293, 298, 100 USPQ 394, 398 (CCPA 1954); *In re Borcherdt*, 197 F.2d 550, 551, 94 USPQ 175, 176 (CCPA 1952); *In re Warren*, 194 F.2d 715, 717, 93 USPQ 30, 31 (CCPA 1952); 37 C.F.R. § 1.196(a) ("affirmance of the rejection of a claim on any of the grounds specified constitutes a general affirmance of the decision of the examiner on that claim, except as to any ground specifically reversed").

■ Both Nebgen and Tassoney teach the removal of carbon dioxide from synthesis gas as a liquid. Nielson correctly points out that Tassoney teaches away from the formation of carbon dioxide snow in the pipeline, in that the reference states "solid carbon dioxide particles deposit on surfaces and reduce their effectiveness for heat transfer [and] clog passageways and restrict the flow of fluid therein." The

start again with respect to the dependent claims: a suggestion poignantly resisted on behalf of Nielson, whose counsel referred to the applicant's age and to the time already consumed. Nor does this suggestion accomplish a just allocation of the burdens of compliance with a statute designed to serve the public.

2. § 144. The United States Court of Appeals for the Federal Circuit shall review the decision from which an appeal is taken on the record before the Patent and Trademark Office....

Becker reference teaches, at best, a different method of removal of carbon dioxide, that of sublimation. Nielson's argument was undisputed that no reference shows or suggests the formation of carbon dioxide snow in pipelines and its use to entrap particulate impurities therein. The examiner did not assert to the contrary, and no argument rebutting that statement is in the record before us.

We agree with Nielson that the PTO did not present a prima facie case of obviousness as to claims 9, 10, and 21, in that the references offer no suggestion of the claimed combination. *W.L. Gore & Associates, Inc. v. Garlock, Inc.*, 721 F.2d 1540, 1551, 220 USPQ 303, 311 (Fed.Cir.1983), *cert. denied*, 469 U.S. 851, 105 S.Ct. 172, 83 L.Ed.2d 107 (1984); *In re Bergel*, 292 F.2d 955, 956–57, 130 USPQ 206, 208 (CCPA 1961). The rejection of these claims is reversed.

Nielson did not challenge with any reasonable specificity before the Board the rejections of the other dependent claims, claims 2–8 and 11–13. As to these claims, the Board did not err in holding that they stood or fell with independent claim 1. *In re Sernaker*, 702 F.2d 989, 991, 217 USPQ 1, 3 (Fed.Cir.1983). The rejection of these claims is affirmed.

AFFIRMED IN PART, REVERSED IN PART.