**In re Richard C. BEAVER.**

**No. 89–1414.**

United States Court of Appeals,
Federal Circuit.

Dec. 29, 1989.

Charles E. Wills of Charles E. Wills Law Corp., Los Angeles, Cal., submitted for appellant.

Robert D. Edmonds, Associate Sol., Office of the Sol., of Arlington, Va., submitted for appellee. With him on the brief was Fred E. McKelvey.

Before NIES and NEWMAN, Circuit Judges, and SMITH, Senior Circuit Judge.

PAULINE NEWMAN, Circuit Judge.

On the appeal of Richard C. Beaver from the decision of the Board of Patent Appeals and Interferences of the United States Patent and Trademark Office, rejecting claims 18 through 32, all the claims of patent application Serial No. 828,029, we vacate the Board's decision for failure to review all the appealed claims in accordance with 37 C.F.R. §§ 1.191, 1.192, and 1.196, thus failing to fulfill the requirements of 35 U.S.C. § 134. We remand for decision on the merits of all the claims.

## OPINION

The Board held that applicant Beaver had not preserved the independent appeal of claims 21 through 32. *See In re Sernaker,* 702 F.2d 989, 991, 217 USPQ 1, 3 (Fed.Cir.1983) (claims not separately argued stand or fall with those that are). However, as Beaver points out, all the appealed claims were separately argued before the Board, in a routine manner. For example, after discussing independent claim 18 and dependent claim 19, Beaver continued:

> Claim 20 is also based upon claim 18, and requires that the film positioning assembly includes a film backup plate and a film pressure plate, with the pressure plate yieldably urging the film against the backup plate.
>
> Neither Stechbart nor Wolf describes the construction of the film positioning assembly.
>
> Thus Stechbart refers to a usual exposure apertured film guide generally designated at 17, which is fixed with the magazine.
>
> Wolf merely refers to a rectangular exposure window 134 located adjacent to "a film guide bracket 135" provided in the cassette and secured to the bottom wall 129 parallel to front wall 60 and located to guide a film strip 57 past the exposure window 134.
>
> Claim 21 is based on claim 20, and further requires that the position of the film backup plate is adjustable relative to the front wall of the magazine, to achieve a fixed relationship between the lens mount and the film when the latter is against the backup plate.
>
> Obviously, neither Stechbart nor Wolf discloses an adjustable film backup plate.

Claim 22 is based on claim 21, and further requires that the film backup plate is adjustably supported between the bottom wall of the film magazine and a top plate which is fixed relatively to the front wall of the film magazine.

Obviously, neither Stechbart nor Wolf discloses this type of a construction.

Claim 23 is based on claim 22, and further requires that one end of the top plate receives the shaft of an idler roller of the film guide means, and the other end receives the shaft of the film engaging sprocket, and said backup plate extends between said roller and said sprocket.

Obviously, neither Stechbart nor Wolf includes this type of construction.

Similar arguments were made for the other claims. Although concise, the arguments pointed out the essential elements as compared with prior claims, and the inapplicability of the cited references, which had previously been discussed in the brief. The Examiner's Answer responded to these arguments; see the following illustration:

Claim 23 recites the mounting of the idler roller, the sprocket, and the back-up plate broadly as shown in applicant's Figure 3. However, such a recitation would be broadly met by the mounting shown in Figure 1 of Wolf where the top plate is the top of the magazine. Claim 25 recites the open-sided aperture at the front of the magazine for slidably receiving the pressure unit. However, Wolf shows that the practice of adjustably mounting components on the side of the aperture is well known in the art. Note Figure 6 and column 5, lines 42–65.

The Board, despite this straightforward exposition of both sides of the argument of claims 21 through 32, stated "we do not consider a summary of the subject matter of claims 21 through 32 as a separate argument for patentability of these claims", and refused to review them.

During prosecution before the examiner each claim was examined, as law and practice require. Each was appealed. The subordinate claims by their nature required fewer words of explanation on appeal. The

argument of these claims was apparently not deemed inadequate by the Examiner, and was incorrectly so deemed by the Board. That Beaver did not repeat, in his argument for the subordinate claims, everything he had already said in arguing his principal claims did not convert "dependent" claims into nonentities. "A claim in dependent form shall be construed to incorporate by reference all the limitations of the claim to which it refers." 35 U.S.C. § 112 ¶ 4. Further, not all of claims 21 through 32 were in dependent form. There is no basis whatsoever for the line drawn by the Board holding the argument for claim 20 sufficient and that for claim 21 insufficient, or for the Board's holding that no claim after claim 20 had been separately argued. *See In re Nielson*, 816 F.2d 1567, 1570, 2 USPQ2d 1525, 1526–27 (Fed.Cir. 1987) (Board erred in stating that appellant failed to argue the dependent claims separately).

The public responsibility of the Patent and Trademark Office requires attentive performance of all aspects of the patent examination function. The Office is charged with the duty of examining the claims contained in the patent application, including review by the Board when appeal is taken under 35 U.S.C. § 134. It is not only unfair to the applicant, it is also inefficient to decline to review claims that are properly appealed and reasonably argued before the Board.

We vacate the Board's decision, and remand with instructions to redetermine the issues as to all the claims on appeal.

VACATED AND REMANDED.

NIES, Circuit Judge, dissenting in part, concurring in part.

I respectfully dissent from that portion of the majority's decision, vacating and remanding the case to the Board of Patent Appeals and Interferences for a redetermination of the merits as to claims 18 through 20.

As the majority opinion holds, the Board erred in finding that dependent claims 21 through 32 were not separately argued, and, thus, not entitled to review. A review

of the record indicates that, in fact, they were adequately argued separately by applicant. Accordingly, I agree that that part of the appeal must be remanded for a ruling on the merits of those claims. On the other hand, the Board fully considered the rejection of claims 18 through 20 and its decision affirming the rejection is properly before us for review in this appeal.

Claims 18 through 20 were rejected as being obvious under 35 U.S.C. § 103 (1982) in view of United States Patents Nos. 2,339,202 issued to Stechbart and 3,635,140 issued to Wolf. Upon review of the board's opinion and Beaver's arguments here with respect to claims 18–20, I am not persuaded of error by the board. Thus, I would affirm for the following reasons.

Specifically Beaver argues that the prior art does not teach a surveillance camera housing which has a horizontally positioned separate drive means and magazine chamber, with the latter having an opening in a side wall for receipt of a film magazine. As the prior art references illustrate, certain types of cameras utilize housings oriented in a vertical position (Stechbart) and others, oriented in a horizontal position (Wolf)—like the camera claimed. In Wolf's horizontally oriented camera, the film magazine and drive means are separated by a horizontally positioned wall. I agree with the board that the encasement of the film magazine would have been obvious to one of ordinary skill in the art. Indeed, Stechbart discloses a camera having such an enclosed magazine chamber. Wolf teaches a chamber underneath the film magazine that encloses a drive means. Stechbart's magazine chamber has a side wall which receives a film magazine. I agree with the board that choosing which wall of the film magazine shall have an opening to receive a film magazine would be an obvious design choice.

Beaver also argues that the prior art does not disclose a transversely extending tongue (in the housing wall) and groove (in the film magazine) component for repeatedly positioning the film magazine at a fixed position relative to the camera lens mount at the front of the camera housing. I

agree with the board that the references clearly suggest that the film magazine be interlocked in alignment with the focal plane of the lens. Stechbart teaches interlocking means, namely "lugs" for similar positioning of the film magazine in the magazine chamber. As the board indicates, Beaver's substitution of a tongue and groove means for the means disclosed in Stechbart for the same purpose, would have been obvious to one of ordinary skill.

In view of the teachings of the prior art I am unpersuaded by Beaver's arguments that the board erred in affirming the rejection of these claims under section 103.