949 F.2d 402
 22 U.S.P.Q.2d 1077
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In Re Donald A. GARRETT.
 No. 91-1246.
 United States Court of Appeals, Federal Circuit.
 Oct. 2, 1991.
Rehearing Denied Nov. 1, 1991.
 
 Before LOURIE, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and RADER, Circuit Judge.
 DECISION
 LOURIE, Circuit Judge.
 
 
 1
 Applicant Donald A. Garrett appeals from the December 26, 1990, decision of the United States Patent and Trademark Office Board of Patent Appeals and Interferences, No. 90-1499. The Board affirmed the rejection of claims 1-14, all the claims in the case, in application serial number 07/164,887 as unpatentable under 35 U.S.C. § 103. We affirm.
 
 DISCUSSION
 
 2
 Garrett's invention is a wheeled walker having a four point trapezoidal ground contact geometry comprising two pivotally connected frame sections, two rear wheels, two steerable front wheels having a common horizontal axis, and left and right handle carriages being horizontally, vertically, and rotationally movable about the frame.
 
 
 3
 We note at the outset that Garrett has elected here, as he did before the Board, to argue the patentability only of claims 1, 6, and 7.[1] Therefore, dependent claims 2-5 and 8-14 stand or fall with claims 1 and 7 from which they depend. In re Nielson, 816 F.2d 1567, 1572, 2 USPQ2d 1525, 1528 (Fed.Cir.1987).
 
 
 4
 Obviousness is a question of law. Stratoflex, Inc. v. Aeroquip Corp., 713 F.2d 1530, 1535, 218 USPQ 871, 876 (Fed.Cir.1983). Thus, we review an issue of obviousness de novo.
 
 
 5
 The Board sustained the examiner's rejection of the claims as obvious in view of Parker, British Patent 806,651, and O'Brian et al., U.S. Patent 4,198,069. Parker discloses an adjustable wheeled mobility assist apparatus or walker with three point ground contact. It includes a frame having left and right sections, two rear wheels, and a steerable front wheel. The frame sections are pivotally connected so that the frame may be collapsed when not in use. The walker also includes a front wheel brake and vertically adjustable hand grips. O'Brian discloses a toy vehicle having four wheels, the front two of which have a considerably smaller wheel span than the two rear wheels, thus forming a trapezoidal ground contact geometry. In each patent figure, the O'Brian vehicle is shown with a pair of front wheels.
 
 
 6
 Garrett, relying on the advantage of increased stability as evidence of non-obviousness, argues that there is no teaching, suggestion, or incentive to combine Parker's disclosure of a walker with O'Brian's disclosure of a four wheeled vehicle, since O'Brian does not disclose the advantage of increased stability resulting from the use of a pair of front wheels.[2] The Board found, however, that one skilled in the art would have expected the advantage of increased stability to inherently flow from use of O'Brian's vehicle. Moreover, one having ordinary skill in the art would have expected increased stability from Garrett's use of a pair of front wheels as opposed to a single front wheel. We agree. There was therefore a basis for combining Parker with O'Brian to arrive at the claimed invention.
 
 
 7
 In addition, we agree with the Board that it would have been within the common knowledge of one skilled in the art to add another front wheel to increase the stability of the walker. Obviousness may sometimes be based on the common knowledge of persons skilled in the art without relying on a specific suggestion in a particular reference. In re Bozek, 416 F.2d 1385, 1390, 163 USPQ 545, 549 (CCPA 1969).
 
 
 8
 We therefore affirm the Board's decision.
 
 
 
 [1]
 Independent claim 7, which is representative, reads as follows:
 Claim 7
 
 
 [7]
 An adjustable, wheeled mobility-assist apparatus with a four point trapezoidal ground contact geometry, comprising:
 (a) left and right frame sections;
 (b) a forward pivot tube means having a generally vertical uppermost portion and a lower end portion;
 (c) a pair of forward, steerable, axially aligned wheels carried by the pivot tube at its lower end portion, the forward wheels having a common vertical axis of rotation and a common horizontal axis of rotation which is laterally spaced from the common vertical axi of rotation of the forward wheels, the frame sections being connected to the uppermost portion of the pivot tube means at a position generally above the forward, steerable wheels, and
 (d) a left rear wheel and a right rear wheel respectively carried by the left and right frame sections and having a wheelspan larger than the wheelspan of the forward wheels during use.
 
 
 [2]
 On appeal to the Board and to this court, Garrett did not advance the argument that the O'Brian reference was non-analogous art and therefore improperly considered by the examiner. Consequently, we have not considered the merits of this possible argument