Jerry GECHTER, Robert L. Pokress, Jeffrey A. Fried, and G. Wayne Andrews, Appellants,

v.

Wayne A. DAVIDSON and Diana S. Winter, Cross–Appellants.

Nos. 96–1374, 96–1375.

United States Court of Appeals, Federal Circuit.

June 12, 1997.

---

William E. Booth, Fish & Richardson, P.C., Boston, MA, argued, for Appellants. Of counsel were Robert E. Hillman and Mary D. Mosley–Goren, Boston, MA, and Barry E. Bretschneider, Washington, D.C.

Charles L. Warren, Lucent Technologies Inc., Naperville, IL, argued, for Cross–Appellants. With him on the brief was Dennis J. Williamson.

Before MICHEL, LOURIE, and SCHALL, Circuit Judges.

MICHEL, Circuit Judge.

On October 26, 1995, the United States Patent and Trademark Office (PTO) Board of Patent Appeals and Interferences (Board) issued a decision in Interference No. 103,-051, finding that the independent claims corresponding to the count were unpatentable under 35 U.S.C. § 102 (1994) as anticipated by U.S. Patent No. 4,763,353 (Canale); the dependent claims fell by stipulation. Jerry Gechter, Robert L. Pokress, Jeffrey A. Fried, and G. Wayne Andrews (collectively, Gechter) appeal the unpatentability ruling which invalidates their U.S. Patent No. 5,036,535 (the '535 patent); Wayne A. Davidson and Diana S. Winter (collectively, Davidson) cross-appeal the same ruling which effectively rejects the claims in their application, Serial No. 07/748,147. The case was submitted for our decision after oral argument on March 7, 1997. Because the Board failed to set forth findings of fact adequate to enable us to determine whether its decision of anticipation is clearly erroneous, we vacate the Board's decision and remand the case for preparation of an opinion that makes the fact findings and claim construction necessary to make the decision reviewable on appeal.

## BACKGROUND

The senior party, Davidson, provoked the interference by copying the claims of Gechter's patent (the '535 patent) in his application. The claims of both Davidson and Gechter are directed to an automatic call distribution system that automatically distributes calls over a telephone network to a group of telephone operators who may be located distant from the central number and are waiting to receive calls.[1] The '535 patent has 63 claims, only claims 1 and 49 being independent. Claim 1, which corresponds exactly to the sole count in the interference, recites:

An automatic call distributing system for automatically distributing telephone calls placed over a network to one of a plurality of agent stations connected to said network via network service interfaces and providing agent status messages to said network, said system comprising

receiving means connected via a network service interface to said network for receiving said agent status messages and call arrival messages from said network indicating that incoming calls have been made on said network, said agent status messages being generated at said agent stations and communicated through said network service interfaces and network to said receiving means, and

routing means responsive to said receiving means for generating a routing signal provided to the network to cause said network to establish a connection directly between said incoming call and an agent station through the network so that said connection is external of said routing means.

■ In its Final Decision, the Board found the independent claims corresponding to the count to be unpatentable to both Gechter and Davidson as anticipated by Canale.[2] The Board limited its anticipation analysis essentially to two paragraphs of its opinion. It focused on the findings that (1) Canale disclosed "agent status messages of these claims"; and (2) the claims corresponding to the count required only that the agent status messages have the same "content" throughout their transmission. The Board did not expressly construe the limitation, "agent status messages," before it determined that Canale reads on that limitation and the count. Gechter appeals from the Board's decision, arguing that the Board failed to interpret properly the limitation in light of his specification and therefore clearly erred in finding anticipation. Davidson cross-appeals, con-

1. Because the disposition of this case rests on reviewability, not the merits, we do not describe the technology and discuss the facts only as necessary for this decision.

2. The PTO may, during the course of an interference, determine the patentability of any claim involved in the interference. *See Rowe v. Dror,* 112 F.3d 473, 477 (Fed.Cir.1997); *see also* 37 C.F.R. §§ 1.633(a), 1.641 (1996). Because the parties stipulated that the patentability of all of the dependent claims would rise or fall with that of the independent claims, the Final Decision of the Board was dispositive of the entire interference.

tending that if this court finds Gechter's claims corresponding to the count patentable over Canale, then it should also find that Davidson's claims corresponding to the count are patentable over Canale by reading the count in light of Davidson's specification. We have jurisdiction over this appeal pursuant to 35 U.S.C. § 141 (1994) and 28 U.S.C. § 1295(a)(4)(A) (1994).

## I.

 Under 35 U.S.C. § 102, every limitation of a claim must identically appear in a single prior art reference for it to anticipate the claim. *In re Bond*, 910 F.2d 831, 832, 15 USPQ2d 1566, 1567 (Fed.Cir.1990). As the Board's finding of anticipation presents a question of fact, this court's review is limited to deciding whether such finding was clearly erroneous. *In re King*, 801 F.2d 1324, 1326, 231 USPQ 136, 138 (Fed.Cir.1986). Implicit in our review of the Board's anticipation analysis is that the claim must first have been correctly construed to define the scope and meaning of each contested limitation. *See, e.g., In re Paulsen*, 30 F.3d 1475, 1479, 31 USPQ2d 1671, 1674 (Fed.Cir.1994) ("[T]o properly compare [an allegedly anticipatory prior art reference] with the claims at issue, we must construe the term 'computer' to ascertain its scope and meaning."). Claim construction is a question of law and therefore reviewed *de novo. Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979, 34 USPQ2d 1321, 1329 (Fed.Cir.1995) (in banc), *aff'd,* — U.S. —, 116 S.Ct. 1384, 134 L.Ed.2d 577 (1996).

## A.

 The relevant statute and our own case law compel our vacatur of the Board's decision. By appealing the Board's decision to this court, Gechter invoked our jurisdiction under 35 U.S.C. § 141, which provides that "[a] party to an interference dissatisfied with the decision of the Board of Patent Appeals and Interferences on the interference may appeal the decision to the United States Court of Appeals for the Federal Circuit." *See also* 37 C.F.R. § 1.301 (1996). It then becomes our duty to review that decision for error. 35 U.S.C. § 144 (1994) ("The

United States Court of Appeals for the Federal Circuit *shall review* the decision from which an appeal is taken on the record before the Patent and Trademark Office." (emphasis added)). For an appellate court to fulfill its role of judicial review, it must have a clear understanding of the ground s for the decision being reviewed. *Cf. Atlantic Thermoplastics Co. v. Faytex Corp.*, 5 F.3d 1477, 1479, 28 USPQ2d 1343, 1345 (Fed.Cir.1993) ("Here the court's opinion is too conclusory and sparse to provide a factual basis for determining whether the invention was on sale...."). When the opinion explaining the decision lacks adequate fact findings, meaningful review is not possible, frustrating the very purpose of appellate review as well as this court's compliance with its statutory mandate. *Id.* Therefore, the statute's mandate to "review" implies inherent power in this court to require that the Board's decision be capable of review.

 Necessary findings must be expressed with sufficient particularity to enable our court, without resort to speculation, to understand the reasoning of the Board, and to determine whether it applied the law correctly and whether the evidence supported the underlying and ultimate fact findings. If either the crucial findings on underlying factual issues or the ultimate finding of anticipation is clearly erroneous, the decision must be reversed. *See, e.g., King*, 801 F.2d at 1327, 231 USPQ at 139 ("The board's finding of anticipation ... cannot be clearly erroneous in the face of the supporting evidence."). Similarly, if the claims were misconstrued, a finding of anticipation must be reversed unless the error was harmless. *Rowe*, at 481 (Because of improper claim construction, "the Board clearly erred in its conclusion that the [prior art] patent anticipated Rowe's claims corresponding to the interference count[.]"); *see also In re Graves*, 69 F.3d 1147, 1152–53, 36 USPQ2d 1697, 1702 (Fed. Cir.1995) ("In summary, we find that the Board's claim construction is reasonable, and its determination what [the prior art] teaches is not clearly erroneous. We cannot say, therefore, that the Board's conclusion that [the prior art] anticipates claims 4 and 6 is clearly erroneous.").

Although we have said we review decisions, not opinions, *King Instrument Corp. v. Otari Corp.*, 767 F.2d 853, 862, 226 USPQ 402, 408 (Fed.Cir.1985), like a district court opinion, a Board opinion must contain sufficient findings and reasoning to permit meaningful appellate scrutiny. *See Bond*, 910 F.2d at 833, 15 USPQ2d at 1568 (because the Board made no finding that the delay means in the specification and that embodied in the prior art reference were structurally equivalent, "its decision as to the anticipation of claim 1 is deficient and must be vacated"); *cf. In re Alton*, 76 F.3d 1168, 1176, 37 USPQ2d 1578, 1584 (Fed.Cir.1996) (Board's decision vacated for failing to articulate adequate reasons of why applicant's evidence failed to rebut the Board's prima facie case of inadequate description.).

### B.

█ Analogous authority also supports our disposition. T he standard of review of district court fact findings, set forth in Federal Rule of Civil Procedure 52(a), is the "clearly erroneous" standard. That is the same standard of review we apply to Board fact finding in both anticipation and obviousness contexts. Thus, Rule 52(a) and case law construing its requirements are instructive, even though not controlling, here. That rule requires that "[i]n all actions tried upon the facts without a jury or with an advisory jury, the court *shall find the facts specially* and *state separately its conclusions of law* thereon," Fed.R.Civ.P. 52(a) (emphasis added). Rule 52(a)'s purpose is, *inter alia*, to provide the appellate court with an adequate basis for review. *See Pretty Punch Shoppettes, Inc. v. Hauk*, 844 F.2d 782, 784, 6 USPQ2d 1563, 1565 (Fed.Cir.1988) ("[T]he trial court must provide sufficient factual findings such that we may meaningfully review the merits of its order."). A district court therefore may not merely state its findings in conclusory terms, but must provide sufficient detail to elucidate the reasoning by which the court reached its ultimate finding on an issue of fact or conclusion on an issue of law; otherwise, the appellate court is unable to carry out its appellate review function. Indeed, as to the facts it must also find subsidiary facts "specially," and not just the ultimate fact,

here of anticipation. If it fails to do so, its decision will ordinarily be vacated.

The same rule governs when a conclusion on a crucial issue of law is omitted. For example, in *Graco, Inc. v. Binks Manufacturing Co.*, 60 F.3d 785, 35 USPQ2d 1255 (Fed.Cir.1995), we vacated the district court's judgment of patent infringement, because the district court's opinion was "absolutely devoid of any discussion of claim construction." *Id.* at 791, 35 USPQ2d at 1259. In addition, the district court had focused its infringement analysis on only one claim limitation, and had concluded, without analysis, that that claim limitation was met by the accused device. *Id.* at 791, 35 USPQ2d at 1259–60. After noting that such a conclusory finding was entirely inadequate under Fed. R.Civ.P. 52(a), we concluded: " The entire omission of a claim construction analysis from the opinion, and the conclusory factual findings on infringement, each provide an independent basis for remand. Because insufficient findings preclude meaningful review by this court, we remand." *Id.*; *see also Oakley, Inc. v. International Tropic-Cal, Inc.*, 923 F.2d 167, 168, 17 USPQ2d 1401, 1403 (Fed.Cir.1991) (preliminary injunction vacated because district court's findings of fact and conclusions of law were insufficient to allow meaningful appellate review).

Similarly, in *Loctite Corp. v. Ultraseal Ltd.*, 781 F.2d 861, 228 USPQ 90 (Fed.Cir. 1985), we vacated the district court's invalidity decision under 35 U.S.C. § 103 (1994) for failure to set forth findings on the four factual inquiries delineated in *Graham v. John Deere Co.*, 383 U.S. 1, 17–18, 86 S.Ct. 684, 693–94, 15 L.Ed.2d 545, 148 USPQ 459, 467 (1966). In assessing the adequacy of the lower court's findings to support its obviousness determination, we reasoned that "we must be convinced from the opinion that the district court actually applied *Graham* and must be presented with enough express and necessarily implied findings to know the basis of the trial court's opinion." *Loctite*, 781 F.2d at 873, 228 USPQ at 98. In *Loctite*, because the district court "virtually abandoned" the *Graham* fact finding requirements, we vacated its obviousness holding for

failure to comply with Rule 52(a) and remanded for the district court to make specific findings for each *Graham* inquiry. *Id.*

In light of this court's statutory mandate to "review" decisions from the Board, we see no reason in law or logic to apply a less demanding version of the fact finding standard to the Board's decision s any more than we would apply a lesser version of the clearly erroneous review standard. As we have said, "the decisions of the PTO boards have been reviewed on the record [by this court], by the same standards as applied to a decision from a district court[.]" *In re Lueders*, 111 F.3d 1569, 1574–75, (Fed.Cir.1997) (discussing obviousness); *see* 35 U.S.C. § 144; *see also* 9A Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2573, at 484–85 (1995) ("[Rule 52's] application to patent cases has never been doubted, and a principle substantially similar to Rule 52 governs the effect to be given the findings of the Patent Office in the district court." (footnotes omitted)). It is, of course, true that the Board is not bound by the Federal Rules of Civil Procedure, which by their terms apply only to the district courts. Nor, like the PTO Trademark Trial and Appeal Board, has the Board voluntarily bound itself to them. *See* 37 C.F.R. § 2.116 (1996). But the Board must nevertheless meet an equivalent standard.

From a practical, judicial policy standpoint, moreover, patentability (validity) issues such as anticipation, whether decided by the Board or by district courts, should be reviewed similarly. If we did not require the Board to adhere to the same level of specificity in explicit fact findings and legal conclusions to support an anticipation finding, appellate review of the very same claim might produce disparate results, depending simply on which tribunal decided the issue. *See Lueders*, at 1577–78 ("clear error" standard of review should apply to Board fact findings in order to maintain consistency with standard of review for district court fact findings). Our holding avoids this kind of disparity.

Nor does the standard we apply today exceed that applied to many other administrative tribunals. "It is well established that agencies have a duty to provide reviewing courts with a sufficient explanation for their decisions so that those decisions may be judged against the relevant statutory standards, and that failure to provide such an explanation is grounds for striking down the action." *Mullins v. United States Dep't of Energy*, 50 F.3d 990, 992 (Fed.Cir.1995) (citing *SEC v. Chenery Corp.*, 318 U.S. 80, 94, 63 S.Ct. 454, 462, 87 L.Ed. 626 (1943)). Furthermore, we assume the Board's ability to set forth fact findings and conclusions of law at the level of specificity equal to that required by Rule 52(a). Many Board members, now known as "Administrative Patent Judges," are experienced former senior examiners. Due to their technical expertise as well as their opinion writing experience as administrative judges, they are more than capable of providing the adequate fact finding required by our cases reviewing the PTO Board, and also called for regarding other tribunals in Rule 52(a) and administrative law decisions. See 35 U.S.C. § 7(a) (1994) ("The examiners-in-chief shall be persons of competent legal knowledge...."). Moreover, in the past we have required administrative judges of other boards to set forth adequate findings of fact to support their decisions. *See, e.g., RMI, Inc. v. United States*, 800 F.2d 246, 250 (Fed.Cir.1986) (decision vacated and remanded to the Armed Services Board of Contract Appeals because of inadequate findings of fact).

## II.

 Judged under the standard set forth above, the Board's opinion lacks the level of specificity necessary for our review. In concluding that the claims corresponding to the count were unpatentable over Canale under 35 U.S.C. § 102, the Board provided only the following, limited analysis:

> With respect to Gechter's argument, it is considered that the [prior art] reference discloses the agent status messages of these claims.... Although the electrical signals representative of the [prior art] messages may be modified by controller 102, the message content of the agent status messages derived from the agent positions 103–1 to 103–n (the line status

changes as they occur) remains the same when forwarded to the receiving means 108 (station set interface). Thus, the agent status messages received by means 108 are the same messages originating with the agent stations.

Notably absent from the Board's opinion is any explanation for whether, how, and why Canale contains each of the other limitations of the claim. Yet the Board does not say their presence in Canale was conceded. Moreover, the Board's only other attempted justification appears in a footnote to its opinion, asserting that "neither party has argued that the Canale reference does not include a written description of an equivalent structure" of the means-plus-function recitations in the independent claims. Nevertheless, to hold that a prior art reference anticipates a claim, the Board must expressly find that every limitation in the claim was identically shown in the single reference. *Bond*, 910 F.2d at 832, 15 USPQ2d at 1567.

In the present case, the Board's opinion lacks a claim construction, makes conclusory findings relating to anticipation, and omits any analysis on several limitations. For example, the Board opinion does not separately construe the term "agent status messages" before finding that Canale discloses just such "agent status messages." In addition, the Board never construed the scope of the structures disclosed in the specification for the claimed "receiving means," nor did the Board expressly find that the "receiving means" disclosed in the specification was structurally equivalent to that embodied in Canale. Moreover, the Board's opinion also failed to define the exact function of the receiving means, as well as to find that Canale disclosed the *identical* function. *See Pennwalt Corp. v. Durand–Wayland, Inc.*, 833 F.2d 931, 934, 4 USPQ2d 1737, 1739 (Fed.Cir.1987) (in banc) (means-plus-function limitation covers structure that performs the identical function and is the same structure described in the specification or an equivalent thereof). The parties contest these issues on appeal, but the relevant findings

were omitted from the Board's opinion. In *Bond*, this court vacated the Board's anticipation decision because it failed to make one particular subsidiary finding. In that case, the Board determined that a prior art reference anticipated the applicant's claimed telephone answering machine, finding that the reference disclosed the claimed "delay means." 910 F.2d at 833, 15 USPQ2d at 1568. The delay means disclosed in the reference, however, was not identical to the delay means in the specification. This court vacated the Board's anticipation decision because the Board made no specific finding that, pursuant to 35 U.S.C. § 112, ¶ 6 (1994), the delay means in the specification and that embodied in the prior art reference were structurally equivalent. *Id.* Here, the Board's opinion omits not one, but several crucial findings. We therefore must vacate and remand.

## CONCLUSION

In sum, we hold that the Board is required to set forth in its opinions specific findings of fact and conclusions of law adequate to form a basis for our review. In particular, we expect that the Board's anticipation analysis be conducted on a limitation by limitation basis, with specific fact findings for each contested limitation and satisfactory explanations for such findings.[3] Claim construction must also be explicit, at least as to any construction disputed by parties to the interference (or an applicant or patentee in an ex parte proceeding).

*VACATED AND REMANDED.*

## COSTS

Each party shall bear its own costs for this appeal.

---

**3.** While not directly presented here, obviousness determinations, when appropriate, similarly must rest on fact findings, adequately explained, for each of the relevant obviousness factors in the Supreme Court's decision in *Graham*, 383 U.S. at 17–18, 86 S.Ct. at 693–94, 148 USPQ at 467, and its progeny in this court, *see, e.g., Loctite*, 781 F.2d at 872, 228 USPQ at 97.