NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-1203

SHUFFLE MASTER, INC.,

Plaintiff-Appellee,

v.

VENDINGDATA CORPORATION,

Defendant- Appellant.

_____

DECIDED:  December 27, 2005

_____

Before MAYER, <u>Circuit Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and BRYSON, <u>Circuit Judge</u>.

Opinion for the court filed by <u>Circuit Judge</u> BRYSON.  Dissenting opinion filed by <u>Circuit Judge</u> MAYER.

BRYSON, <u>Circuit Judge</u>.

This is an appeal from the grant of a preliminary injunction in a patent case.  The United States District Court for the District of Nevada ruled for the patentee, Shuffle Master, Inc., and entered a preliminary injunction barring the appellant VendingData Corporation from selling its accused product, a playing card shuffling machine.  <u>Shuffle Master, Inc. v. VendingData Corp.</u>, No. CV-S-04-1373-JCM (LRL) (D. Nev. Dec. 7, 2004).  Although the scope of our review of orders granting or denying motions for

preliminary injunctions is narrow, we conclude that, in light of the critical importance of claim construction to the outcome here, the district court should have provided an explicit claim construction before entering its injunctive order. We therefore vacate the order enjoining VendingData from selling its accused product and remand to the district court for further proceedings.

I

Shuffle Master owns U.S. Pat. No. 6,655,684 ("the '684 patent"), which is entitled "Device and Method for Forming and Delivering Hands from Randomly Arranged Decks of Playing Cards." Only claim 20 of the '684 patent is at issue here. Shuffle Master alleges that one of VendingData's automatic shufflers, the PokerOne, infringes that claim. VendingData contends that the PokerOne does not fall within the scope of the claim, as properly construed.

Automatic card shufflers, which have been available for some time, deliver hands of randomly mixed playing cards. Claim 20 of the '684 patent recites a particular method for delivering shuffled hands, which comprises:

> providing at least one deck of playing cards;
> forming at least one set of cards within the apparatus from the at least one deck of playing cards;
> delivering to a delivery tray from the at least one set of cards within the apparatus a first individual set of randomly mixed playing cards for a game;
> delivering the first individual set of randomly mixed playing cards from the delivery tray of the apparatus, with all cards in the first individual set delivered at the same time, and then providing a second individual set of randomly mixed playing cards into the delivery tray.

For present purposes, the critical claim limitation is the one that recites "forming at least one set of cards within the apparatus from the at least one deck of playing cards." Before the district court, VendingData contended that the PokerOne does not

05-1203                                    2

form a "set of cards within the apparatus" within the meaning of that phrase in the asserted claim.

VendingData offered evidence that the PokerOne operates by randomly ejecting cards from an unshuffled deck to form an "internal stack" within the apparatus. The random ejection process continues until the internal stack contains at least 21 cards. When the number of cards required for at least two hands of the game that is being played have been collected in the internal stack, the device begins the dealing process. The PokerOne deals by delivering cards to the output tray, one-by-one from the bottom of the internal stack, until a complete hand is formed in the output tray. When that first hand of cards is removed from the output tray, the dealing process begins again, and new cards are delivered, one-by-one from the bottom of the internal stack, to the output tray to form a second hand. After each hand of cards is removed from the output tray, additional cards are ejected from the unshuffled deck into the internal stack, while at the same time new cards are delivered to the output tray to form another hand.

Shuffle Master argued to the district court that the internal stack formed in the PokerOne falls within the limitation requiring that "at least one set of cards [be formed] within the apparatus." In its papers opposing the motion for a preliminary injunction, VendingData argued that the specification and the prosecution history make clear that the internal stack formed within the PokerOne device does not read on that limitation, because the "set of cards" limitation covers only a set of cards constituting a single hand or a part of a hand. Consequently, according to VendingData, the internal stack is not a "set of cards," because no hands or portions of hands are formed there. Instead, cards simply accumulate in the internal stack until the stack contains at least 21 cards, and

the dealing process does not begin until the number of cards in the internal stack is equal to at least two hands of cards. The hands, according to VendingData, are formed for the first time when cards are delivered, one-by-one, to the output tray.

In making its claim construction argument in the district court, VendingData referred to the portion of the specification in which the patentee described the operation of the claimed shuffler. According to the specification, the device described in Shuffle Master's patent randomly places cards into slots or compartments. Each of those slots or compartments, according to the specification, "may therefore be identified and treated to receive individual hands of defined numbers of randomly selected cards or the slots may be later directed to deliver individual cards into a separate hand forming slot or tray." '684 patent, col. 4, ll. 62-65. In the first case, "a hand of cards is removed as a group from an individual slot." Id. col. 4, ll. 66-67. In the second case, "each card defining a hand is removed from more than one compartment (where one or more cards are removed from a slot), and the individual cards are combined in a hand-receiving tray to form a randomized hand of cards." Id. col. 4, line 67 through col. 5, line 4.

VendingData also relied on the prosecution history to support its proposed construction of the "set of cards" limitation. VendingData argued that the patentee restricted the method to "forming hands inside the unit." In particular, VendingData noted that in response to a rejection by the patent examiner, the patentee stated that claim 20 requires sets of cards to be formed within the apparatus and requires individual hands to be formed from those sets, "either with one set of cards being a complete hand or by sets of cards being combined to form a complete hand."

Following arguments by counsel regarding the request for a preliminary injunction, the district court issued an injunction barring the sale of the Poker One. Although the question of the proper construction of claim 20 was clearly in dispute, the court did not address the claim construction arguments made by VendingData and did not provide an explicit construction of the critical claim language. Rather, the court simply concluded that Shuffle Master was likely to succeed on the merits in proving that the operation of the PokerOne infringes Shuffle Master's rights under claim 20 of the '684 patent. The district court also found that Shuffle Master was likely to succeed on the merits in proving that the '684 patent is valid, that Shuffle Master showed that the effect of sales of the PokerOne would result in irreparable harm to Shuffle Master, and that the public interest in protecting patent rights supported the issuance of a preliminary injunction.

VendingData subsequently made requests for modification and clarification of the preliminary injunction order. VendingData also requested a stay of the injunction pending appeal. In its request for a stay, VendingData argued that the district court had failed to construe the critical language of claim 20 and that its failure to do so undermined its conclusion that the operation of the PokerOne likely infringed the claim. The district court denied each of those requests. A panel of this court, however, granted a stay of the injunction pending the disposition of the appeal, noting that the district court had failed to construe the claim.

II

As its principal ground for appeal, VendingData asserts that this case turns on the proper construction of the limitation that requires the formation of "at least one set of

cards within the apparatus." Accordingly, VendingData contends, the district court's failure to provide any explicit construction of that claim language renders the preliminary injunction improper.

A

Shuffle Master argues at the outset that VendingData did not preserve its present argument that the district court should have conducted at least a preliminary claim construction. We have reviewed the parties' submissions to the district court, and we conclude that VendingData adequately preserved its argument on that point. First, VendingData featured its claim construction argument in its papers in opposition to the preliminary injunction. Second, in its motion to the district court for a stay of the preliminary injunction order, filed approximately three weeks after the original order was entered, VendingData complained that the district court "did not analyze any specific claim or claim element of the patent." Third, VendingData made the same point in its reply memorandum to the district court in support of its motion for a stay.[1]

From our review of the record, including those pleadings, it is evident that the definition of the term "set of cards" played a prominent role in the proceedings. In particular, VendingData made it clear that the outcome of the case would likely depend on the court's construction of claim 20. VendingData raised the claim construction issue

---

[1]     In support of its argument that VendingData waived its right to contest the district court's failure to conduct an adequate claim construction, Shuffle Master points to VendingData's submission of a proposed order in the injunction proceedings. The submission of such an order does not constitute a waiver of challenges to the propriety of entering the injunction. The order simply reflected VendingData's understanding of the grounds for the court's ruling. In any event, when it submitted a proposed order granting the injunction, VendingData stated that it "reserve[d] its right to challenge" the court's findings of fact and conclusions of law "at a later time."

prior to the court's ruling and protested the inadequacy of the court's claim construction after the ruling. For that reason, we do not agree with Shuffle Master that VendingData has waived its right to raise on appeal the district court's failure to provide a sufficient construction of the claim language.

B

We have held that a district court does not have to conduct a comprehensive and final claim construction in a preliminary injunction proceeding. Sofamor Danek Group, Inc. v. DePuy-Motech, Inc., 74 F.3d 1216, 1221 (Fed. Cir. 1996). Similarly, it is not necessary for a court to conduct an explicit claim construction if the claim construction issue is a simple one that needs no analysis, or in which there is no reasonable ground for dispute as to claim meaning. Toro Co. v. Deere & Co., 355 F.3d 1313, 1322 (Fed. Cir. 2004). However, a district court in a preliminary injunction proceeding has the duty to determine whether the movant is likely to prevail on the merits, and if that question turns on a contested issue of claim construction, the court must give the claim construction issue the attention necessary to determine the likelihood of success. In this case, the dispute over the meaning of the "set of cards" limitation is central to determining whether Shuffle Master is likely to prevail on the merits of its infringement claim. The district court was therefore required to provide some form of claim construction, even if abbreviated, preliminary, or tentative.

Shuffle Master argues that the phrase "at least one set of cards within the apparatus" means any number of cards that serve as the source from which the apparatus delivers hands to the delivery tray. Under that construction, it appears likely that the PokerOne device would infringe, since the internal stack in the PokerOne forms

within the device and serves as the source from which dealing begins after the collection reaches a size equal to two hands of cards of the game being played. On the other hand, VendingData argues that the "set of cards within the apparatus" must be construed to refer to a set consisting of no more than one hand of cards. Under that interpretation, it appears likely that the PokerOne device would not infringe, since the internal stack accumulates cards until it contains at least two hands of cards before dealing begins. Thus, resolution of the claim construction issue framed by the parties is of critical importance to the issue of infringement.

Seizing on the fact that the dealing process in the PokerOne device begins as soon as the internal stack contains the number of cards needed for two hands, Shuffle Master contends that the PokerOne therefore operates in accordance with claim 20, even under VendingData's proposed construction, because the PokerOne "forms two hands of cards within the apparatus as the source for the delivery of the first and second hands of cards to the tray." In other words, Shuffle Master argues that the PokerOne device infringes even under VendingData's proposed claim construction (or at least the construction put forth before the district court). That, however, does not appear likely to be the case.

In the court below, VendingData argued that claim 20 requires "that a hand (or partial hand) of cards be formed inside the shuffler from a deck of cards" and that "no hands are formed within the PokerOne." VendingData further argued that the PokerOne "does not form a hand (or partial hand) until the number of cards required for a hand have been delivered one-at-a-time to the external output tray." In other words, under VendingData's proposed construction the PokerOne likely does not infringe

because no hand or hands are actually formed within the apparatus; the accumulation of a number of cards equal to two hands is not the same as the formation of a hand or hands within the device. Accordingly, in the absence of any claim construction by the district court we cannot accept Shuffle Master's argument that the dispute over claim construction is immaterial to the outcome of this case and that Shuffle Master is likely to succeed on the merits regardless of which claim construction is ultimately adopted.

While claim construction is a question of law, the district court's analysis is important to the process of claim construction, and in this context, as in others, we decline to construe the claim without the guidance of the district court's construction. See Nazomi Commcns., Inc. v. Arm Holdings, PLC, 403 F.3d 1364, 1371 (Fed. Cir. 2005) ("This court's review of a district court's claim construction, albeit without deference, nonetheless is not an independent analysis in the first instance. Moreover, in order to perform such a review, this court must be furnished 'sufficient findings and reasoning to permit meaningful appellate scrutiny.'"); Anchor Wall Sys., Inc. v. Rockwood Retaining Walls, Inc., 340 F.3d 1298, 1311 (Fed. Cir. 2003) ("In order to review the court's finding of noninfringement, we must know what meaning and scope the district court gave to the asserted claims."); Gechter v. Davidson, 116 F.3d 1454, 1460 (Fed. Cir. 1997) (vacating and remanding decision of the Board of Patent Appeals and Interferences because it failed to "set forth . . . specific findings of fact and conclusions of law adequate to form a basis for . . . review"; noting that "[c]laim construction must . . . be explicit, at least as to any construction disputed by [the] parties"); Graco, Inc. v. Binks Mfg. Co., 60 F.3d 785, 791 (Fed. Cir. 1995) ("entire omission of a claim construction analysis from the opinion . . . provide[s] an independent

basis for remand").  We therefore vacate the preliminary injunction and remand this case to the district court for further proceedings consistent with this opinion.

NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-1203

SHUFFLE MASTER, INC.,

Plaintiff-Appellee,

v.

VENDINGDATA CORPORATION,

Defendant-Appellant.

MAYER, <u>Circuit Judge</u>, dissenting.

While I agree that trial courts should provide an express claim construction, I do not believe this case requires vacatur and remand.  Instead, because the trial court would not have abused its discretion in granting the preliminary injunction under either party's proposed claim construction, I would affirm.

We have recognized that the lack of an express claim construction by the trial court may require a remand in certain circumstances.  <u>See</u> <u>Graco, Inc. v. Binks Mfg. Co.</u>, 60 F.3d 785, 791 (Fed. Cir. 1995).  However, common sense dictates that if a likelihood of infringement is established under both parties' proposed constructions, then the trial court did not abuse its discretion in granting the preliminary injunction, so

long as all other criteria were met.[*] Cf. Toro Co. v. Deere & Co., 355 F.3d 1313, 1322 (Fed. Cir. 2004) (affirming an infringement finding in the absence of an express claim construction because no claim construction was offered that would avoid infringement); Optical Disc Corp. v. Del Mar Avionics, 208 F.3d 1324, 1334 n.4 (Fed. Cir. 2000) (reviewing a noninfringement judgment on the merits based on a claim construction inferentially set forth by the trial court). Here, bearing in mind that the application of the claims to the accused device is a question of fact upon which we afford deference to the trial court, Bai v. L & L Wings, 160 F.3d 1350, 1353 (Fed. Cir. 1998), I believe a finding of likelihood of infringement under either party's proposed claim construction is fully supported.

It is clear from the evidence, as the court concedes, ante at 6-7, that Shuffle Master established a likelihood of infringement under its own proposed construction. The disputed contention, however, is whether infringement was shown to be likely under VendingData's proposed construction. VendingData contends that "a set of cards" means "a discrete hand or part of a hand." Under that construction, however, the trial court could have determined that the internal stack consisted of multiple sets, wherein each set consisted of no more than one hand of cards. This determination is possible since the claims clearly allow more than one set of cards within the apparatus. See U.S. Patent No. 6,655,684 claim 20 (requiring "at least one set of cards within the apparatus" (emphasis added)). Although the sets are not physically divided, they are

---

[*] Although the trial court must independently construe the claims and may reject either party's proposed claim construction, it appears that the only possible constructions here are those alternatives argued by the parties.

05-1203                                    2

arranged or organized in the internal stack.[**]   Moreover, requiring that the sets be physically separated, such as placed into slots or trays as in the embodiment disclosed in the specification, would amount to reading a claim limitation into the claims from the specification.   See Phillips v. AWH Corp., 415 F.3d 1303, 1323 (Fed. Cir. 2005) ("[A]lthough the specification often describes very specific embodiments of the invention, we have repeatedly warned against confining the claims to those embodiments." (citations omitted)).

This understanding is further supported by the fact that the PokerOne recognizes each set within the internal stack as separate and distinct.  In particular, the PokerOne delivers the first set, which is a single hand of cards, from the internal stack to the output tray.  After the first hand is removed from the output tray, a second set, which also constitutes a single hand of cards, is delivered to the output tray.  Therefore, a factual determination by the trial court that the PokerOne is likely to infringe under VendingData's construction is not reversible error.

Finally, despite VendingData's arguments to the contrary, I believe that Shuffle Master sufficiently established the remaining criteria necessary for a preliminary injunction, including irreparable harm.  In particular, Shuffle Master presented evidence that its commercial product under the patent accounts for 50% of its business and that VendingData sought to significantly decrease pricing.  This evidence is sufficient to

---

[**]        After the trial court issued its injunction, the magistrate conducted a claim construction analysis and issued his recommendations to the district court. VendingData Corp. v. Shuffle Master, Inc., No. 04-1373 (D. Nev. Sept. 26, 2005) (Report & Recommendation).   Although these recommendations were not before the trial court when issuing the preliminary injunction and have not yet been accepted by the trial court, it is worth noting that the parties appear to have agreed that "forming" means "create" where "create" includes "arranging," "organizing," and "ordering."  Id. at 4 n.1.

support a finding of irreparable harm and the remaining factors are not challenged on appeal. Therefore, bearing in mind that "[t]he decision to grant a preliminary injunction is within the sound discretion of the district court," Ranbaxy Pharms., Inc. v. Apotex, Inc., 350 F.3d 1235, 1239 (Fed. Cir. 2003) (citations omitted), I dissent.