NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

(Interference No. 105,653)

**UNIVERSITY OF SOUTHERN CALIFORNIA**
AND **AMPAC BIOTECHNOLOGY, INC.,**
*Appellants,*

v.

**DEPUY SPINE, INC.,**
*Appellee.*

———————————

2011-1422

———————————

Appeal from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences.

———————————

Decided: March 22, 2012

———————————

ROBERT BERLINER, Berliner & Associates, of Los Angeles, California, argued for appellant. With him on the brief was SARAH SILBERT.

BARRY E. BRETSCHNEIDER, Morrison & Foerster LLP, of McLean, Virginia, argued for appellee.

———————————

Before B RYSON, D YK, and M OORE, *Circuit Judges.*

M OORE, *Circuit Judge.*

The University of Southern California and Ampac Biotechnology, Inc. (collectively, USC) appeal from a decision of the Board of Patent Appeals and Interferences (Board) awarding priority to DePuy Spine, Inc. (DePuy) in an interference between USC and DePuy. For the reasons set forth below, we *vacate* and *remand.*

BACKGROUND

This case involves an interference between USC's U.S. Patent Application No. 10/230,671 ('671 application), filed on August 29, 2002, and DePuy's U.S. Patent No. 6,812,211 ('211 patent), filed on March 19, 2002. In 2005, USC copied claims into the '671 application from DePuy's '211 patent. The Board declared an interference and defined Count 1, the sole count, as claim 1 of the '211 patent.

The Board initially designated USC as the senior party in the interference because it accorded the '671 application the benefit of the August 31, 2001 filing date of USC's provisional application 60/316,287. The Board, however, subsequently held that the specification of USC's provisional application did not expressly disclose one of the limitations in Count 1, and thus granted DePuy's motion to deny USC the benefit of the provisional application's filing date. In response, USC filed a motion to substitute a new count. USC argued that the Board should modify Count 1 to permit USC to rely on its best proof of priority, namely its provisional application. USC proposed a count (Count 2) that omitted the limitation the Board held was not disclosed in the provisional applica-

tion. The Board rejected the broader count USC proposed, which it held was invalid over a prior art patent.

The Board next rejected several of DePuy's involved claims, including claim 1, as obvious over the prior art. Because DePuy's claim 1 defined Count 1, the Board redeclared the interference and proposed a new count (Count 3), which it defined as claim 24 of USC's '671 application. The Board authorized the parties to file comments on proposed Count 3. USC pointed out that Count 3 would still prevent it from relying on its provisional application as proof of priority because the count included the same limitation that the Board found was missing in the provisional application's specification. USC proposed claim 7 from the '671 application as an alternative count.

The Board again declined to modify the count. It concluded that it did not need to modify the count because USC's concerns were "strictly hypothetical." Board Decision (Dec. 23, 2009). The Board then rejected USC's request for authorization to file a motion to change the count. After rejecting DePuy's remaining claims as obvious over prior art, the Board awarded priority to DePuy and refused USC's claims corresponding to the count. USC now appeals the Board's denial of its motion for a broader count[1] and denial of authorization to file a motion to change the count. We have jurisdiction under 28 U.S.C. § 1295(a)(4).

## DISCUSSION

We see no error with two aspects of the Board's decision. First, the Board correctly construed the language "in a living being" from the preamble of Count 3 as a

---

[1] On appeal, USC does not argue that Count 2 is not rendered anticipated or obvious over Aksan.

limitation. Second, we reject USC's argument that all of its claims corresponding to the count do not stand or fall together based on the priority decision. For the reasons stated below, however, we vacate the Board's decision.

The Board has recognized that allowing a party to rely on its best proofs of priority "is an accepted reason in interference practice for granting" a motion to modify the count. *Grose v. Plank*, 15 U.S.P.Q.2d 1338, 1341 (B.P.A.I. 1990). In this case, the Board adopted a count that prevented USC from relying on its provisional application— which USC argues is its best proof of priority—and repeatedly rejected USC's requests to modify the count.

When the Board redeclared the interference and proposed Count 3, it sought comments from the parties. USC pointed out potential problems with Count 3 and proposed claim 7 of its '671 application as an alternative that would allow it to rely on its provisional application as proof of priority. USC also noted that claim 7 was found to be patentable over the same prior art reference the Board used to reject USC's proposed Count 2. Despite soliciting this feedback on Count 3, the Board did not respond in a meaningful way to any of USC's comments, stating only that:

> In general, a count should not encompass prior art; otherwise, a "priority proof" might simply be a replication of someone else's work. On the record developed so far, however, it appears that each party will have work of its own on which it will rely. Since, in this case, the concern is strictly hypothetical, there is insufficient reason at present to change the count further.

Board Decision (Dec. 23, 2009). This passage does not offer any coherent justification for declining to modify the count so USC could rely on its provisional application.

The Board similarly ignored this issue in its decision denying USC authorization to file a motion to modify the count.

The Board's subsequent decision on USC's request for rehearing did not clarify its reasoning. Once again, the Board offered no explanation for its decision to continue using a count that prevented USC from relying on its provisional application. Moreover, the Board perplexingly stated that USC "only suggested a new count in a comment, but never actually moved for the new count," despite the fact that the Board denied USC authorization to file such a motion.

"[A] Board opinion must contain sufficient findings and reasoning to permit meaningful appellate scrutiny." *Gechter v. Davidson*, 116 F.3d 1454, 1458 (Fed. Cir. 1997). A Board decision that does not articulate sufficient reasoning must be vacated. *Id.* at 1457-58. The Board erred by insufficiently explaining its decision not to modify Count 3 to allow USC to claim priority to its provisional application. This failure is particularly troublesome because a party typically should be allowed to rely on its best priority proofs. The Board compounded its error by denying USC authorization to file a motion to modify the count.

On remand, USC should be afforded the opportunity to file a motion to change the count. The Board's decision must, at the very least, squarely address the issues USC raises and set out the reasoning supporting the Board's conclusions in sufficient detail to permit meaningful review.

## VACATED AND REMANDED

### COSTS

Costs to appellants.