NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GOOGLE LLC,**
*Appellant*

**v.**

**WILDSEED MOBILE, LLC,**
*Appellee*

---

2024-2178

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2023-00247.

---

Decided:  February 13, 2026

---

DAN L. BAGATELL, Perkins Coie LLP, Hanover, NH, argued for appellant.  Also represented by NATHAN K. KELLEY, JONATHAN IRVIN TIETZ, Washington, DC; TARA LAUREN KURTIS, Chicago, IL.

ZACHARIAH HIGGINS, Kramer Alberti Lim & Tonkovich LLP, Foster City, CA, argued for appellee.  Also represented by DAVID ALBERTI, ROBERT KRAMER, SAL LIM, MICHELE R. WOODRUFF LYONS; RICHARD M. BEMBEN, RICHARD CRUDO, JASON A. FITZSIMMONS, STEVEN PAPPAS,

2                           GOOGLE LLC v. WILDSEED MOBILE, LLC

MICHAEL D. SPECHT, Sterne Kessler Goldstein & Fox PLLC, Washington, DC.

_____

Before PROST, HUGHES, and STARK, *Circuit Judges*.

PROST, *Circuit Judge*.

Google LLC ("Google") petitioned for inter partes review ("IPR") of claims 1–22 of U.S. Patent No. 10,869,169 ("the '169 patent"). In a final written decision, the Patent Trial and Appeal Board ("Board") concluded that claims 1–14 and 16–22, but not claim 15, are unpatentable as obvious. *Google LLC v. Wildseed Mobile, LLC*, No. IPR2023-00247, Paper No. 33, 2024 WL 2819590 (P.T.A.B. June 3, 2024) ("*Final Written Decision*"). Google appeals the Board's determination that claim 15 is not unpatentable. For the reasons set forth below, we vacate and remand.

BACKGROUND

I

Wildseed Mobile, LLC ("Wildseed") is the owner of the '169 patent. The '169 patent is titled "Method and Systems for Generating and Sending a Hot Link Associated with a User Interface to a Device." '169 patent Title (capitalization normalized). It relates to "generating and sending a hot link to a device." *Id.* at col. 1 ll. 66–67. "The hot link contains an action that instructs the receiving device to perform some activity when an associated user interface is selected." *Id.* at col. 1 l. 67–col. 2 l. 3. Claim 15 recites:

15. The computer system of claim 10, wherein the processor circuitry is to:

generate the hot link message as a *Short Message Service (SMS)* message for transmission over a cellular communication network, *or*

generate the hot link message as an *instant messaging (IM) message* for transmission over a communications network.

*Id.* at claim 15 (emphasis added).  Relevant to this appeal, claim 15 thus recites two limitations—an SMS limitation and an IM limitation—separated by "or."  *Id.*

## II

In 2023, Google petitioned for IPR of claims 1–22 of the '169 patent.  For dependent claim 15, Google argued in its petition that U.S. Patent No. 8,645,211 ("Rothschild") discloses the claim limitations.  Google quoted language from Rothschild and explained that "Rothschild describes its technique with the example of an e-mail message, but states that it is applicable to other forms of communication including SMS messages and instant messages."  J.A. 115, 129.  Wildseed's sur-reply responded to Google's claim 15 arguments.  Wildseed acknowledged that "[Google's] sole allegations regarding SMS and IM are that Rothschild also discloses those formats."  J.A. 477.  Wildseed, however, confined its arguments to the SMS limitation of claim 15, arguing that Google never rebutted explanation by Wildseed's expert that "SMS messages do not use HTML tags."  J.A. 477.

The Board determined claims 1–14 and 16–22, but not claim 15, unpatentable for obviousness over various references including Rothschild and U.S. Patent No. 6,836,792 ("Chen").  In addressing claim 15, the Board limited its analysis to the SMS limitation and did not mention the IM limitation.  The Board noted that HTML code is relied upon as teaching the rendering limitation in the independent claims but "the record establishes that SMS does not use HTML or any other formatting in sending a message."  *Final Written Decision*, 2024 WL 2819590, at *15.  The Board determined that "[b]ecause SMS messages are not formatted, [Google] has not persuasively explained how a message sent by SMS would satisfy the 'instructions for rendering

and displaying the hot link' recited in claim 10 that are incorporated into dependent claim 15." *Id.* The Board analyzed Google's alternate assertion that the image data "e.g., a JPEG file, informs the receiving device how to display the image." *Id.* The Board found that this assertion "is part of the HTML embodiment that [Google] relies upon." *Id.* at *16. The Board determined that "[b]ecause [Google] does not explain how an image displayed in an SMS would be rendered" and Wildseed's expert "attest[ed] that the '169 patent does not apply formatting to the SMS message, . . . [Google] has not persuasively shown that the data of the image field itself provides the claimed instructions for displaying and rendering." *Id.*

The Board thus determined that "[Google] has not persuasively shown that Rothschild in view of Chen teaches instructions for displaying and rendering where the hot link message is generated as an SMS message as recited in claim 15." *Id.* The Board concluded that as a result, "[Google] has not shown, by a preponderance of the evidence, that claim 15 would have been obvious over Rothschild in view of Chen." *Id.*

Google timely appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

We review the Board's decisions "under the standards provided in the Administrative Procedure Act ('APA'), 5 U.S.C. § 706." *Unwired Planet, LLC v. Google Inc.*, 841 F.3d 1376, 1379 (Fed. Cir. 2016) (cleaned up). Under the APA, the Board's actions "are to be set aside if 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' or 'unsupported by substantial evidence.'" *Pride Mobility Prods. Corp. v. Permobil, Inc.*, 818 F.3d 1307, 1313 (Fed. Cir. 2016). "In order to provide for effective judicial review, then, the Board is obligated to 'provide an administrative record showing the evidence on which the findings are based, accompanied by the agency's

reasoning in reaching its conclusions.'" *TQ Delta, LLC v. Cisco Sys., Inc.*, 942 F.3d 1352, 1358 (Fed. Cir. 2019) (quoting *In re Lee*, 277 F.3d 1338, 1342 (Fed. Cir. 2002)). "We do not require perfect explanations . . . and 'we will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned.'" *In re NuVasive, Inc.*, 842 F.3d 1376, 1382–83 (Fed. Cir. 2016) (quoting *Bowman Transp., Inc. v. Ark.-Best Freight Sys., Inc.*, 419 U.S. 281, 286 (1974)). "We do, however, require that the Board's own explanation be sufficient 'for us to see that the agency has done its job.'" *Alacritech, Inc. v. Intel Corp.*, 966 F.3d 1367, 1371 (Fed. Cir. 2020) (quoting *NuVasive*, 842 F.3d at 1383).

On appeal, Google argues that the Board abused its discretion and therefore violated the APA by failing to address Google's arguments raised under the IM limitation of claim 15. Appellant's Br. 28; Reply Br. 19.

We agree with Google that the Board should have addressed claim 15's IM limitation. The Board is required to "articulate a satisfactory explanation . . . [that] enables the court to exercise its duty to review the [Board's] decisions to assess whether those decisions are 'arbitrary, capricious, an abuse of discretion, or . . . unsupported by substantial evidence.'" *NuVasive*, 842 F.3d at 1382 (quoting 5 U.S.C. § 706(2)(A), (E)). Here, the Board's silence on the IM limitation of claim 15 does not meet this requirement. Claim 15 explicitly recites generating a hot link message either as an SMS message *or* an IM message. A petitioner can therefore satisfy either of these two disjunctive limitations to show unpatentability. Google's petition discusses the SMS limitation and IM limitation of claim 15. *See* J.A. 115, 129. Wildseed specifically addressed claim 15 for the first time in its patent owner's sur-reply but provided arguments only for the SMS limitation. *See* J.A. 477. In its final written decision, the Board analyzed claim 15 but only regarding the SMS limitation. Although the Board performed a thorough analysis of the SMS limitation, the Board failed to address the IM limitation. Indeed, it made

no mention of IM and even omitted the IM limitation in its quotation of claim 15. *See Final Written Decision*, 2024 WL 2819590, at *15.

The Board's analysis therefore does not acknowledge the IM limitation, much less explain that the asserted prior art does not teach or suggest the IM limitation. Nor does the Board provide a non-merits reason—such as failure to include an IM-based ground in the petition, subsequent abandonment of such a ground, waiver, or forfeiture—for not addressing the IM limitation. Thus, we cannot reasonably discern the basis upon which the Board concluded that Google has not shown that claim 15 would have been obvious over the prior art. The Board is required to "document its reasoning on the record to allow accountability . . . [and] effective judicial review." *In re Thrift*, 298 F.3d 1357, 1364 (Fed. Cir. 2002); *see Provisur Techs., Inc. v. Weber, Inc.*, 50 F.4th 117, 125 (Fed. Cir. 2022) ("Because the Board never directly or implicitly addressed the arguments that [petitioner] had set forth in its petition, it erred."). We therefore vacate and remand the Board's decision as to claim 15.

Wildseed argues that Google stated in its petitioner's reply, and the Board found, that Google's HTML argument was limited to email only. Appellee's Br. 11, 38. While we cannot rule out the possibility that this was the Board's reason for not addressing the IM limitation, the Board's silence makes it impossible to discern and we cannot resort to speculation. *Gechter v. Davidson*, 116 F.3d 1454, 1457 (Fed. Cir. 1997) ("Necessary findings must be expressed with sufficient particularity to enable our court, without resort to speculation, to understand the reasoning of the Board."). Nor can we determine if such a reading of Google's petition in the context of Google's reply and other statements Google made (and did not make) in its brief and at the oral hearing, would constitute an abuse of discretion. On remand, the Board needs to explain its reasoning with respect to the IM limitation.

Accordingly, we vacate the Board's obviousness determination as to claim 15 and remand for further proceedings consistent with this opinion.

## CONCLUSION

We have considered Wildseed's remaining arguments and find them unpersuasive. For the foregoing reasons, we vacate and remand.

### VACATED AND REMANDED

## COSTS

Costs to Appellant.